**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2412-17T2

IN RE APPLICATION FOR
PERMIT TO CARRY A HANDGUN
OF MARK CHEESEMAN.

_____

Submitted October 22, 2018 – Decided November 8, 2018

Before Judges Gooden Brown and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County.

Mark P. Cheeseman, appellant pro se.

Charles A. Fiore, Gloucester County Prosecutor, attorney for respondent (Dana R. Anton, Senior Assistant Prosecutor, on the brief).

PER CURIAM

Applicant Mark Cheeseman appeals from the December 13, 2017 Law Division order denying his application for a permit to carry a firearm pursuant to N.J.S.A. 2C:58-4. We affirm.

Obtaining a permit to carry a firearm "is the most closely-regulated aspect of gun-control laws." In re Preis, 118 N.J. 564, 568 (1990). Pursuant to N.J.S.A. 2C:58-4, an applicant must first submit an application "to the chief police officer of the municipality in which the applicant resides, or to the superintendent," if there is no chief of police in the municipality. N.J.S.A. 2C:58-4(c). Under N.J.S.A. 2C:58-4(c):

> No application shall be approved by the chief police officer or the superintendent unless the applicant demonstrates that he is not subject to any of the disabilities set forth in [N.J.S.A. 2C:58-3(c)], that he is thoroughly familiar with the safe handling and use of handguns, and that he has a justifiable need to carry a handgun.

Justifiable need is defined in the regulations adopted pursuant to N.J.S.A. 2C:58-1 to -19 as, "urgent necessity for self-protection, as evidenced by serious threats, specific threats, or previous attacks, which demonstrate a special danger to the applicant's life that cannot be avoided by reasonable means other than by issuance of a permit to carry a handgun." N.J.A.C. 13:54-2.4(d)(1). This codification of the "justifiable need" standard closely mirrors an earlier explanation of "need" that was laid out by our Supreme Court in Siccardi v. State, 59 N.J. 545, 557 (1971).

Upon receiving the approval of the chief of police or superintendent, as the case may be, the application is then presented to a judge of the Superior Court of the county in which the applicant resides who "shall issue" the permit after being satisfied that the applicant is qualified and has established a "justifiable need" for carrying a handgun. N.J.S.A. 2C:58-4(d). However, if the application is denied by the chief of police or the superintendent, pursuant to N.J.S.A. 2C:58-4(e), the applicant "may request a hearing in the Superior Court of the county in which he resides . . . by filing a written request for such a hearing within [thirty] days of the denial."

Here, Cheeseman submitted his application to the Chief of Police of Glassboro Township, where he resided. On September 27, 2017, the Chief denied the application after concluding that Cheeseman did not demonstrate "a justifiable need to carry a handgun" under the standard enunciated in Siccardi. Thereafter, Cheeseman filed a timely appeal of the Chief's denial to the Gloucester County Superior Court.

During a hearing conducted on December 13, 2017, the Chief testified that after reviewing the application, he concluded that Cheeseman's basis for seeking the permit was for "personal protection." However, according to the Chief, although Cheeseman referred to "some crimes" occurring in the area where he

A-2412-17T2

lived, including "drug activity" and a "stabbing" in the entrance of a mini-mart, Cheeseman made no mention of any specific threat made towards him that led the Chief "to believe that [Cheeseman] was in jeopardy of any immediate violence."

After the hearing, in an oral decision, the trial court upheld the Chief's denial, finding Cheeseman failed to demonstrate "a justifiable need" to carry a handgun. The court found no "articulated threat" was made towards Cheeseman and noted that while Cheeseman did cite to "incidences . . . in [his] general neighborhood and [his] extended neighborhood, . . . nothing [] specifically point[ed] to [his] justifiable need to carry a firearm outside of [his] home." The court also rejected Cheeseman's contention that denying his application based on his "generalized" fears violated his constitutional right under the Second Amendment. The court entered a memorializing order and this appeal followed.

On appeal, Cheeseman argues that New Jersey's system of either granting or denying carry permits "on a case-by-case basis" is contrary to the Supreme Court's holding in District of Columbia v. Heller, 554 U.S. 570 (2008), and its progeny. According to Cheeseman, "[t]he historical explanation that [N.J.S.A.] 2C:58-4's 'justifiable need' is synonymous with [Heller's] lawful purpose simply allows the [c]ourt to sever the [Siccardi] [r]ule and [N.J.A.C. 13:54-2.4(d)(1)]

from the statute which would follow the precedent set forth by SCOTUS."  In <u>In re Pantano</u>, 429 N.J. Super. 478 (App. Div. 2013), we rejected similar arguments, and concluded that "<u>Heller</u> would not affect the constitutionality of N.J.S.A. 2C:58-4."  <u>Id.</u> at 487.  We discern no basis to reach a different conclusion here.

> The issue in <u>Heller</u> was whether the Second Amendment protects only the right to possess and carry a firearm in connection with military service or also protects an individual's right to possess a firearm for other purposes such as self-defense and hunting.  The Court held that the Second Amendment protects an individual right to keep and bear firearms, and that this holding required invalidation of District of Columbia statutes that totally prohibited handgun possession in the home and required any lawful firearm in the home to be disassembled or bound by a trigger lock, thus rendering it inoperable.
>
> [<u>In re Dubov</u>, 410 N.J. Super. 190, 196-97 (App. Div. 2009) (citations omitted).]

The United States Supreme Court later held that the Second Amendment right is "fully applicable" to the states through the Fourteenth Amendment. <u>McDonald v. City of Chicago</u>, 561 U.S. 742, 750 (2010).

Beginning "with the premise that 'statutes are presumed constitutional,'" in <u>Pantano</u>, we hesitated "to find a constitutional infirmity absent clear expression of the law from the United States Supreme Court, particularly where

it would disturb settled law." 429 N.J. Super. at 487 (quoting Whirlpool Props., Inc. v. Dir., Div. of Taxation, 208 N.J. 141, 175 (2011)). We noted that federal district courts, including New Jersey's, and other courts have "concluded that our state law governing permits to carry handguns does not 'burden any protected conduct' under the Second Amendment," id. at 488 (quoting Piszczatoski v. Filko, 840 F. Supp. 2d 813, 829 (D.N.J. 2012), aff'd, Drake v. Filko, 724 F.3d 426 (3d Cir. 2013)), and "a statute prohibiting carrying a handgun outside the home without a permit was not at odds with Heller or McDonald." Ibid. (citing Williams v. State, 10 A.3d 1167, 1169, 1177 (Md. 2011)). Rather, "Heller addressed only the right to bear arms in the home," and "[t]he language of Justice Scalia's majority opinion deliberately limited the scope of the right recognized to the home." Ibid. (quoting Piszczatoski, 840 F. Supp. 2d at 821).

We acknowledged that "[o]ther courts have observed that the application of the Second Amendment to possession of firearms outside the home is at least uncertain." Id. at 489. We also recognized that in Kachalsky v. County of Westchester, 701 F.3d 81, 93-101 (2d Cir. 2012), the Second Circuit upheld the constitutionality of a New York law requiring a person seeking an unrestricted permit to carry a concealed handgun in public to show "proper cause," despite

6

the burden placed on the permit applicant. Pantano, 429 N.J. Super. at 489-90.

We noted the similarity between "New York's 'proper cause' requirement" and

"New Jersey's statutory requirement of 'justifiable need.'" Id. at 489.[1]

Since we decided Pantano, the Third Circuit upheld the constitutionality

of the justifiable need requirement in Drake, 724 F.3d at 429, concluding that it

was a "'longstanding' regulation" that "does not burden conduct within the scope

of the Second Amendment's" protections. Acknowledging that its inquiry could

simply stop there, the Third Circuit expounded that "New Jersey's schema takes

into account the individual's right to protect himself," through "careful case-by-

case scrutiny of each application," and though "[o]ther states have determined

that it is unnecessary to conduct the careful, case-by-case scrutiny . . . before

issuing a permit to publicly carry a handgun," New Jersey's "individualized,

tailored approach" would pass constitutional muster. Id. at 439.

Thus, here, as in Pantano, we conclude that "given the presumption of our

law's constitutionality, the lack of clarity that the Supreme Court in Heller

---

[1] We also acknowledged that the Seventh Circuit Court of Appeals extended the Second Amendment right to carry a handgun outside the home in Moore v. Madigan, 702 F.3d 933, 942 (7th Cir. 2012). There, "[i]n setting aside an Illinois law that banned concealed carrying of weapons, the court contrasted the Illinois law with New York's law held constitutional in Kachalsky." Pantano, 429 N.J. Super. at 490 n.2.

intended to extend the Second Amendment right to a state regulation of the right to carry outside the home, and the Second [and Third] Circuit's explicit affirmation," N.J.S.A. 2C:58-4's case-by-case schema, requiring a showing of justifiable need, withstands constitutional scrutiny post-Heller and its progeny. Pantano, 429 N.J. Super. at 490. See also In re Wheeler, 433 N.J. Super. 560, 613 (App. Div. 2013) (holding that the "justifiable need" requirement does not violate the Second Amendment).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2412-17T2